The judgment of the court was pronounced by
Eustis, C. J.
By a judgment of this court of date the 14th of May, 1849, affirming that of the district court, the plaintiff was adjudged to be a free person. Talbot had sold,the plaintiff as a slave to the co-defendant, Mrs. Bonny, previous to the suit for freedom. The present suit appears to be for personal injuiy from violence and damages for loss of time in her imprisonment during the pending of the suit, but not for anything done previous to its institution.
*700 On tlie trial, the plaintiff’s counsel admitted that Talbot had purchased her as a slave in good faith; and, at the instance of the defendant’s counsel, the district judge dismissed the plaintiff’s suit, on the ground that under the plaintiff’s admission of Talbot’s good faith in his purchase, the present action could not be maintained. The plaintiff has appealed.
The action is based on the responsibility of the defendants after the institution of the suit, and excluding that subsequent to the sale from Talbot and previous to its institution. Conceding that the defendants’ non-liability under the admission continued until he had notice of the plaintiff's claims on the institution of the suit, it by no means follows that after that event the exemption still continued until the termination of the suit. This period is not necessarily embraced in the admission.
The learned judge was under the impression that, by the decision in the case of Phillis v. Gustin, 9 L. R. 209, the good faith of the purchaser being admitted, the action in this case necessarily failed. It was held in that case, that damages would not be awarded against an innocent purchaser of a colored person as a slave, on the subsequent recovery of her freedom. But in that case, at the institution of the suit the plaintiff who sued for her freedom at her. instance, had been taken from the possession of the defendants, so that the question of damages related to those incurred previously to the institution of the suit. We have in three cases allowed a compensation in the way of damages to persons who have established their right to freedom against those depriving them of it, dating from the pendency of the suit. Eugenie Smith v. Preval, 2d Ann. 180. Arsene v. Pigniguy, Ib. 620. Coby v. Cook, 3d Ann. 439.
It is obvious that the admission of the plaintiff’s counsel afforded no ground for the dismissal of the plaintiff’s suit; and that the plaintiff’s petition, though very inartificially drawn, is not without a cause of action.
The judgmentof the district court is therefore reversed, and the case remanded for trial on the issues joined ; the defendants paying the costs of this appeal.